**No. 49348.**—Petitions 5819–R, etc., of Rice-Stix Dry Goods Co. (St. Louis).

Opinion by WALKER, J. The advance was occasioned by the fact that a portion of the charges claimed to have been nondutiable had been determined by the appraiser to be dutiable. At the trial the customhouse broker testified that at the time he made the entries the question of the proportion of charges which was dutiable was under consideration by the customs authorities, that he had no other source of information than the invoice, and that in all his previous experience with similar invoices entries made using the invoice figures had been passed as entered. The appraiser and a special agent who investigated the matter were of the opinion that the importer did not intend to defraud the Government of its customs revenue. On the record presented the court was satisfied that the entry was made without intention to defraud the revenue of the United States or to conceal or misrepresent the facts. The petitions were therefore granted.

**No. 49349.**—Protests 83639–K, etc., of Strawbridge & Clothier et al. (Philadelphia, etc.).

Opinion by WALKER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 49350.**—Petition 6400–R of A. J. Clark (Laredo).

Opinion by COLE, J. The petitioner's uncontradicted testimony showed that he supplied the appraiser with all the information he had concerning the value of the merchandise in question, and that in having the merchandise entered at the price paid therefor he used the only value he knew. From the customs agent's report it appeared that the investigation made did not establish that the entering of the merchandise in question was with any intention to defraud the revenue. In view of all the circumstances the court was satisfied that the relief sought should be allowed. The petition was therefore granted.